UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHELLY A. WOODUM,

        Plaintiff,

v.                                CASE No. 8:07-CV-404-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

        Defendant.

_____

O R D E R

      The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

I.

      The plaintiff, who was forty-six years old at the time of the administrative hearing and who has one year of a college education (Tr. 508), has worked at a number of jobs, such as a data preparation clerk, data entry

_____

[1]Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted as the defendant in this suit.

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

clerk, temporary service worker, clerical worker, telemarketer, and sales representative (Tr. 18). She filed a claim for Social Security disability benefits, alleging that she became disabled due to diabetes (Tr. 99). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of diabetes and depression (Tr. 16). She concluded that, despite these impairments, the plaintiff "has the residual functional capacity to sit 6 hours/8 hour workday; stand/walk 6 hours/8 hour workday; lift/carry 20 pounds occasionally and 10 pounds frequently; occasionally climb, balance, stoop, kneel, crouch or crawl. Additionally, the claimant has a fair ability to perform complex, detailed work; and, to deal with others" (Tr. 17). The law judge determined further that, in light of this residual functional capacity, the plaintiff retained the ability to return to her past relevant work as a data preparation clerk, data entry clerk, temporary service worker, clerical worker, telemarketer, and sales representative (Tr. 18-19). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner (Tr. 11).

-2-

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on three grounds. None has merit.

First, the plaintiff argues that the law judge's credibility determination was flawed (although she does so under a misstated heading regarding a treating physician) (Doc. 14, p. 7). Specifically, the plaintiff contends that the law judge failed to evaluate the plaintiff's subjective complaints of fatigue and frequent urination (id.).

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the complaints of pain are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of the complaints of pain. She must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial

evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987);
Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is
objective medical evidence of an impairment which could reasonably be
expected to produce disabling pain, the law judge "must evaluate the
credibility of claimant's testimony as to pain, and must express a reasonable
basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549
n.6 (11th Cir. 1985). In other words, this credibility finding must be
adequately explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir.
1988).

The law judge clearly applied this standard. Thus, she stated that
she found "that the claimant's medically determinable impairments could
reasonably be expected to produce the alleged symptoms, but that the
claimant's statements concerning the intensity, persistence and limiting
effects of these symptoms are not entirely credible" (Tr. 17). She then added
that "[t]he objective medical evidence fails to fully support the claimant," and
went on to discuss that evidence (Tr. 17-18). She concluded (Tr. 18):

> Claimant's statements regarding symptoms and
> resulting limitations are generally credible, but not
> to the extent alleged that no work could be
> performed. Her statements regarding her activities
> of daily living show a higher residual functional
> capacity than alleged. Furthermore, her medical
> records show that treating physician(s) responded
> with limited and conservative treatment. Such

-6-

> treatment is inconsistent with the medical response
> that would be expected if the physician(s) found
> the symptoms and limitations to be as severe as
> reported by the claimant.

This explanation adequately justifies the law judge's credibility determination. See Wilson v. Barnhart, 284 F.3d 1219, 1226 (11th Cir. 2002); Heppell-Libansky v. Commissioner of Social Security, 2006 WL 622745 at *8 (11th Cir. 2006)(unpub. dec.).

Furthermore, this credibility determination is sufficient to cover the plaintiff's complaints of frequent urination and fatigue, which have only minimal support in the record. In the first place, the plaintiff has failed to support this contention with citations to the record of such complaints (see Doc. 14, pp. 7-8), in contravention of the Scheduling Order in this case (Doc. 11, p. 2). As warned by that Order, this contention is appropriately disregarded for lack of development.

In all events, the evidence does not compel a finding that the plaintiff's problems with frequent urination and fatigue create greater functional limitations than the law judge found to exist.

I saw no evidence of any complaints by the plaintiff to a doctor about frequent urination, and the plaintiff has not cited to any. In fact, the record contains a patient questionnaire in which the plaintiff checked "up at night to pass water" but did not check the inquiry regarding "frequency" (Tr. 399). Further, the doctor treating the plaintiff's diabetes, Dr. Arvind Parbhoo,

submitted a questionnaire (which, as discussed next, the law judge reasonably discounted) that asked for an identification of the plaintiff's symptoms, including "Frequency of urination," and Dr. Parbhoo left that symptom unmarked (Tr. 327).

The only evidence in the record of that condition is an affirmative response to a leading question by plaintiff's counsel: "Do you have to use the restroom a lot?" (Tr. 515). In light of this state of the evidence, the law judge could reasonably discount the answer to this question; there was no probative evidence that the condition imposed any significant functional limitation.

In my review of the record, I noted that from time to time the plaintiff complained of fatigue. The plaintiff has failed to cite to any of those medical notes and has made no attempt to show that her fatigue was debilitating. Notably, Dr. Parbhoo could have marked "fatigue" as one of the plaintiff's symptoms, but did not (Tr. 327). At the hearing, the plaintiff did not testify to fatigue, although she did say that when her blood sugars elevate high and low, "I just feel like a person who ate a big meal and feel tired and sleepy and exhausted" (Tr. 514).

The law judge could reasonably conclude from the objective medical evidence, the plaintiff's daily activities, and her conservative and limited treatment that any allegations of fatigue that would restrict the

plaintiff to less than the residual functional capacity the law judge found to exist were not credible. Notably, the law judge pointed out that the work that she found that the plaintiff could perform was all done at the sedentary level (Tr. 19).

For these reasons, the plaintiff's challenge to the law judge's credibility determination lacks merit. Frankly, it appears that, having no stronger argument, the plaintiff attempts to base a remand on conditions that she mentioned only in passing, if at all.

The plaintiff next contends that the law judge failed to give proper weight to the opinion of Dr. Parbhoo (Doc. 14, p. 8). In a Diabetes Mellitus Residual Functional Capacity Questionnaire dated January 12, 2004, Dr. Parbhoo indicated that the plaintiff could sit, stand or walk for about a total of four hours in an eight-hour workday (Tr. 329). The plaintiff could not lift more than ten pounds, must walk around every twenty minutes for about five minutes, and would need to take unscheduled breaks two to three times per week for about five to ten minutes (Tr. 329, 330).

The plaintiff correctly states that opinions from treating physicians should be given substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary

finding, or the opinion is conclusory or inconsistent with the physician's own medical records.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Dr. Parbhoo's opinion is clearly conclusory.  Thus, he merely marked a form (Tr. 328-31).  Moreover, he did not provide any meaningful explanation for the functional limitations he stated.  Further, he did not answer all the questions, and significantly, did not identify the plaintiff's symptoms, although asked to do so (Tr. 327).  The conclusory nature of Dr. Parbhoo's opinion is enough, by itself, to justify the law judge to discount it. Johns v. Bowen, 821 F.2d 551, 555 (11th Cir. 1987); Lanier v. Commissioner of Social Security, 2007 WL 3120318 at *1 (11th Cir. 2007).

Nevertheless, the law judge provided additional reasons for discounting Dr. Parbhoo's opinion (Tr. 18):

> [T]he medical source statement from treating source [Dr. Parbhoo] (Exhibit 13F/5-9) appears to be based primarily on the subjective statements of the claimant. The underlying documentation from the treating source provided in the record reveals little, if any, objective observation of signs or symptoms or administration of any appropriate diagnostic examination along with a description of results.  Such lack of documentation fails to support the limitations provided in the medical source statement.

These reasons amply support the law judge's determination to discount Dr. Parbhoo's opinion.  In other words, the law judge has shown good cause for not giving that opinion considerable or substantial weight.

Finally, the plaintiff, citing no law and no facts, asserts that the law judge erred because she did not use a vocational expert. In light of the Scheduling Order, this contention is deemed abandoned.

In any event, the contention is meritless. As the Commissioner correctly states, vocational expert testimony is not required when considering whether the plaintiff could perform her past relevant work. Lucas v. Sullivan, 918 F.2d 1567, 1573 n. 2 (11th Cir. 1990). In this case, the law judge appropriately relied upon the plaintiff's description of her past relevant work (Tr. 19). The law judge found that, in comparing the plaintiff's residual functional capacity with the physical and mental demands of the work, the plaintiff is able to carry out that sedentary work as she actually performed it (id.). The plaintiff has made no attempt to show that this conclusion is erroneous.

It is appropriate to add that the plaintiff bears the burden of proving that she can no longer perform her past relevant work. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). At the hearing, plaintiff's counsel could have attempted to carry this burden by inquiring about the plaintiff's ability to perform her past work. He did not do so. Consequently, there is no basis for concluding that the evidence compels a finding that the plaintiff could not return to past work.

It is, upon consideration

ORDERED:

That the Commissioner's decision is hereby AFFIRMED.  The Clerk shall enter judgment in accordance with this Order and CLOSE the case.

DONE and ORDERED at Tampa, Florida, this _19th_ day of March, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE